NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

SEP 21 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANDREW G. CLARK,

Plaintiff-Appellant,

v.

WELLS FARGO BANK, NA; et al.,

Defendants-Appellees.

No.   14-35622

D.C. No. 6:13-cv-01546-AA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted September 13, 2016[**]

Before:    HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

Andrew G. Clark appeals pro se from the district court's judgment

dismissing his action alleging federal and state law claims.   We have jurisdiction

under 28 U.S.C. § 1291.   We review de novo a dismissal for failure to state a

claim under Federal Rule of Civil Procedure 12(b)(6), *Eclectic Prop. E., LLC v.*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

*Marcus & Millichap Co.*, 751 F.3d 990, 995 (9th Cir. 2014), and we affirm.

The district court properly dismissed Clark's Racketeer Influenced and Corrupt Organizations Act claims because Clark failed to allege facts sufficient to show a predicate act of racketeering activity. *See* 18 U.S.C. § 1961(1); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 939 (9th Cir. 2012) (plaintiff's "vague allegations with no factual support that the defendants engaged in any of the requisite predicate crimes" were insufficient to survive a motion to dismiss).

The district court properly dismissed Clark's 42 U.S.C. § 1983 claims because Clark failed to allege facts sufficient to show the requisite state action. *See Johnson v. Knowles*, 113 F.3d 1114, 1118-20 (9th Cir. 1997) (§ 1983 claims failed where plaintiffs did not show the action of a private individual amounted to state action).

The district court properly dismissed Clark's allegations of OSHA violations because OSHA does not provide a private right of action. *See* 29 U.S.C. § 653(b)(4).

The district court properly dismissed Clark's defamation claims because the alleged defamatory statements were either made in the context of judicial proceedings or were published by Clark on his public websites. *See Wallulis v.*

*Dymowski*, 918 P.2d 755, 761 (Or. 1996) (a defamation claim is barred by an absolute privilege for statements made as part of judicial proceedings or that are consented to).

The district court properly dismissed Clark's negligence claim because defendants did not have a duty to further investigate Clark's conduct before complaining to the police. *See Brown v. Far W. Fed. Sav. & Loan Ass'n*, 674 P.2d 1183, 1186-87 (Or. 1984) (public policy considerations preclude the imposition of a duty on citizens to investigate further before reporting crime or instigating an arrest).

We reject as without merit Clark's contentions that defendants committed fraud on the court.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions are denied.

**AFFIRMED.**

14-35622